GRAND TEMPLE & TABERNACLE IN THE STATE OF TEXAS OF THE KNIGHTS & DAUGHTERS OF TABOR OF THE INTERNATIONAL ORDER OF TWELVE v. COUNTS.

(Court of Civil Appeals of Texas. Texarkana. May 15, 1913. Rehearing Denied May 29, 1913.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—CONFLICTING EVIDENCE.

Determination of the jury on conflicting evidence as to whether a member of a beneficial association was sick all the times that she was in arrears for dues, so that under her contract she could not be suspended, is conclusive on appeal.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. INSURANCE (§ 750*) — MUTUAL BENEFIT — FORFEITURE—NONPAYMENT OF DUES.

The constitution and by-laws of the beneficial association providing that a member cannot be suspended for nonpayment of dues while sick, it is immaterial that during her sickness she had stated that she knew she was in arrears, that she did not intend to pay any dues, and did not wish to keep up the insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. § 750.*]

Appeal from Titus County Court; Sam Porter, Judge.

Action by Sonk Counts against the Grand Temple & Tabernacle in the State of Texas of the Knights and Daughters of Tabor of the International Order of Twelve. Judgment for plaintiff. Defendant appeals. Affirmed.

Ward & Ward and Rolston & Rolston, all of Mt. Pleasant, for appellant. J. M. Burford, of Mt. Pleasant, for appellee.

HODGES, J. [1] This is a suit by the appellee on the certificate of insurance issued by the appellant to his wife, in which he is named as the beneficiary. Appellant is a mutual benefit association doing business in this state through grand and subordinate lodges in the usual manner common to such organizations. The pivotal question involved in this appeal is: Was the deceased in good standing at the time of her death? She died in September, 1910, and had paid no dues to her local lodge since the preceding October. The constitution of the order contains this provision: "A member cannot be suspended for nonpayment of dues during the time he is sick so as to prevent him from pursuing his avocation." The by-laws contain this further provision: "Members cannot be suspended for monthly dues during the time they are sick. Their dues must be paid out of their weekly benefits." The testimony showed that the sick benefits allowed by the lodge to which the deceased belonged amounted to $2 per week. According to the testimony of appellee, his wife was sick continuously from some time prior to November, 1909, till the date of her death, and during that time she was unable to perform the duties incident to her avocation. He is in part corroborated by other witnesses, but is contradicted on material points by those introduced by the appellant. The doctor who attended the deceased testified that she died of tuberculosis, but he was unable to say how long she had been suffering from that disease.' The determination of this conflict in the evidence by the jury in the present state of the record is binding upon this court. We cannot say as a matter of law that the finding upon this issue is unsupported.

[2] It is urged by the appellant that the trial court should have permitted the introduction of testimony as to declarations made by the deceased a short time before her death, in which she stated that she knew she was in arrears, that she did not intend to pay any more dues, and did not wish to keep up the policy of insurance. Testimony to this effect was offered by the appellant, and excluded. It is contended that this evidence was admissible for the purpose of showing that the insured was aware of the fact that she was behind with her dues, liable to suspension, and had waived any official notice. All of these facts are in effect conceded, and there was no necessity for the introduction of this evidence for the purpose of proving them. Accepting those facts as true, they present no new defense to this suit. The conditions of the policy and the provisions of the constitution and by-laws of the order constituted the terms of the contract between the insured and the company; and the rights of the beneficiary and the standing of the deceased must be determined by those provisions. If the deceased was sick continuously from a time prior to the date when she became subject to suspension till her death, she could not be suspended, and was legally in good standing when she died.

The judgment is affirmed.